UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

SERGIO DE HOYOS, et al.,  \*
    Plaintiffs,  \*
                      \*
    v.  \*   CIVIL NO. 99-1024(PG)
                      \*
BRISTOL LABORATORIES CORP.,  \*
    Defendants.  \*

## OPINION AND ORDER

Sergio de Hoyos, his wife and their conjugal partnership bring this action against inter alia Bristol Laboratories Corp., Bristol Caribbean Inc., Bristol Myers Squibb Company, Squibb Manufacturing Inc. and ConvaTec alleging that the defendants violated the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601-2654.

Bristol Myers Squibb Company, Squibb Manufacturing Inc. and ConvaTec ("the defendants") have filed a motion to dismiss the complaint grounded on lack of personal jurisdiction and the fact that they were not De Hoyos' employer. (Docket no. 13). Plaintiffs have failed to reply.

### A. Standard Review

Fed. R. Civ. P. 12(d) recognizes the court's authority to hear and decide before trial a motion to dismiss for lack of personal jurisdiction. If the district court chooses to rely on pleadings and affidavits alone in deciding the motion to dismiss, then plaintiff need only make a prima facie showing of jurisdiction. Boit v. Gar-



Civil No. 99-1024(PG)                                                    2

Tec Products, Inc., 967 F.2d 671, 677 (1st Cir. 1992). Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986). If on the otherhand, the district court holds an evidentiary hearing, plaintiff must prove personal jurisdiction by a preponderance of the evidence. CertCo Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986).

In the present case, the court relies on the pleadings and affidavits alone, therefore plaintiffs are only required to make a prima facie showing of personal jurisdiction in order to defeat defendants' motion to dismiss. See U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990) ("To meet its burden, the plaintiff must establish sufficient facts to support a prima facie case authorizing personal jurisdiction over the defendant under both the forum's long arm-statute and the due process clause of the Constitution"). The "plaintiff must go beyond the pleadings and make affirmative proof." Boit v. Gar-Tec Products, Inc., 967 F.2d at 675 (citing Chlebda v. H.E. Fortna & Bro., Inc., 609 F.2d 1022, 1024 (1st Cir. 1979)). He cannot rely merely on unsupported allegations in his pleadings to make a prima facie showing of personal jurisdiction.

### Background

Plaintiff, Sergio De Hoyos, worked with co-defendant Squibb Mfg., Inc. from January 15, 1993 to May 8, 1995 at its Ponce

Civil No. 99-1024(PG)                                                          3

facilities. He was then transferred to ConvaTec Inc.'s headquarters in Princeton, New Jersey. On September 29, 1997 he was transferred once more to Bristol Myers Squibb Laboratories Company's plant in Mayaguez (formerly known as Bristol Laboratories Corp. and/or Bristol Caribbean, Inc.). The family relocated to Puerto Rico. Soon after the relocation De Hoyos' mother had to return to New Jersey due to sickness and De Hoyos accompanied her. He returned to Puerto Rico to work on January 12, 1998 and on January 15, 1998, he was dismissed. De Hoyos claims that defendants violated his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and he seeks reinstatement and damages.

## Discussion

Puerto Rico's long-arm statute permits jurisdiction over nondomiciliary defendants to the extent permitted by the due process clause of the U.S. Constitution. <u>Pritzker v. Yari</u>, 42 F.3d 53 (1st Cir. 1994) cert denied 514 U.S. 1108 (1995). The burden on plaintiff, therefore, is to proffer evidence sufficient to support the following requirements of the due process clause:

First, the defendant must have purposefully established "minimum contacts" with the forum such that he can reasonably anticipate being haled into that forum's court... Second, if such contacts exist, the exercise of personal jurisdiction over the defendant must comport

Civil No. 99-1024(PG)                                                    4

with "fair play and substantial justice". <u>U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.</u>, 894 F.2d at 11 (citations omitted).

Plaintiffs have failed to oppose the motion to dismiss therefore, the question to be answer is whether the complaint, if credible, is sufficient to support findings of fact required by the forum's long-arm statute and the due process clause.

The complaint does not contain any specific allegation concerning any contact of Bristol-Myers Squibb Company and ConvaTec with the Commonwealth of Puerto Rico. The only allegation as to Squibb Manufacturing, Inc. is that De Hoyos was once employed by the company. Plaintiffs' case for jurisdiction depends entirely on the allegation of the complaint that defendant corporations are alter ego one of the other. The grounds for this allegations are: that the retirement plan and the personnel policies are one and the same; that management decisions are taken as if the corporations were one and the same, and that seniority accrued in one of the corporations is recognized and accepted by the others.

Defendants argue that plaintiff's use of the alter ego doctrine rests solely on conclusory allegations. Together with its motion for summary judgment defendants submitted the statements under penalty of perjury of: (1) the President and General Manager of Squibb Manufacturing, Inc, (2) the Corporate Secretary of Bristol-Myers

Civil No. 99-1024(PG)                                                    5

Squibb Company and (3) ConvaTec's Human Resources Specialist. (Defendant's Exhibits 1, 2 and 3). These documents establish that De Hoyos' sole employer when he was discharged was Bristol-Myers Squibb Laboratories Company, formerly known as Bristol Laboratories Corp. and Bristol Caribbean Inc. (hereinafter referred to only as Bristol-Myers Squibb Labs., Co.) and that conventional parent-subsidiary relationship existed between Bristol Myers Squibb Company and its subsidiaries. Each corporation maintained separate accounting books, payroll records, facilities, work forces, etc. See, e.g. U.S.I. Properties Corp. v. M.D. Construction Co., 860 F.2d 1, 7 (1st Cir. 1988). (As long as a parent and subsidiary have maintained corporate formalities such as separate books, taxes, minute books, bank accounts, and facilities, the corporate veil should not be pierced), cert denied Compañia de Desarrollo Cooperativo v. U.S.I. Properties Corp., 490 U.S. 1068 (1989), Topp v. CompAir Inc., 814 F.2d 830, 836-37 (1st Cir. 1987); de Walker v. Pueblo Int'l, Inc., 569 F.2d 1169, 1173 (1st Cir. 1978). The statements further show that each corporation maintained their own personnel policies and that none of the companies had any personal involvement in the implementation of the personnel policies of Bristol-Myers Squibb Lab., Co. in general, or in the specific discharge at issue. See, e.g. Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 617 (1st Cir. 1988) (no

Civil No. 99-1024(PG)                                                    6

personal jurisdiction where parent company and corporate officers had no involvement in decisions of Puerto Rico subsidiary). See also Association of Mexican-American Educators v. State of California, 195 F.3d 465 (9th Cir. 1999) (a parent company will not usually be considered the "employer" under Title VII for the employees of its subsidiary, but a parent corporation may be liable under Title VII where it interferes with the employment practices of the subsidiary). Furthermore the fact that seniority accrued in one of the corporations was recognized by the others is not enough to pierce the parent's or the other subsidiaries' corporate veils. Marzano v. Computer Science Corp., 91 F.3d 497, 514 (3rd Cir. 1996) (parent corporation could not be held liable for any employment discrimination committed by its subsidiary when facts did not demonstrate that parent and subsidiary were so interrelated and integrated in their activities, labor relations and management except for the employee's participation in the parent's pension plan such that the court should pierce the parent's corporate veil); Mas Marques v. Digital Equipment Corporation, 637 F.2d 24 (1st Cir. 1980) (parent corporation did not exercise sufficient control over its West German subsidiary in order to be liable for alleged employment discrimination of the subsidiary). See also, Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 905 (1st Cir. 1980) (to establish

Civil No. 99-1024(PG)                                                              7

jurisdiction over a parent a party must produce "strong and robust" evidence of control by the parent company over the subsidiary rendering the latter a "mere shell".)

Plaintiffs have completely failed to controvert defendants' statements under penalty of perjury. The complaint's unsupported allegations that defendants had such a close relationship with Bristol-Myers Squibb Lab., Co. such as to render them subject to jurisdiction because of Bristol-Myers Squibb Lab. Co.'s contacts with Puerto Rico, must fail.

In view of the above, defendants' motion to dismiss for lack of personal jurisdiction is hereby **Granted**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 21, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge