CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.
2002 AUG 20 PM 12: 19
RECEIVED AND FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SERGIO DE HOYOS, et al.

**Plaintiffs**

v.                                              CIVIL NO. 99-1024 (JAG)

BRISTOL LABORATORIES CORP.,
et al.

**Defendants**

---

## OPINION AND ORDER

Plaintiff Sergio de Hoyos ("de Hoyos"), his wife, and their conjugal partnership brought this action against defendant Bristol Myers Squibb Laboratories Company[1] (hereinafter "Bristol") for an alleged violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601-2654. Specifically, de Hoyos asserts that his termination from employment at Bristol on January 15, 1998, violated the FMLA, since it was done in retaliation for exercising his FMLA rights and taking time off to take care of his ailing mother. Bristol filed a motion for summary judgment on April 16, 2001 (Docket No. 38). De Hoyos replied and filed a cross-motion for summary judgment. (Docket No. 41.) Bristol replied on July 6, 2001.

---





[1] Bristol-Myers Squibb Laboratories was formerly known as Bristol Laboratories Corp., and is located in Mayagüez, Puerto Rico. In his complaint, de Hoyos sued other corporate entities related to defendant Bristol. However, the Court dismissed the causes of action against the other corporate entities in its January 25, 2000, Opinion and Order (Docket No. 22), by granting their unopposed motion to dismiss on jurisdictional grounds.

%AO 72A
(Rev. 8/82)



2

(Docket No. 44.)   For the foregoing reasons, the Court grants defendant Bristol's motion fo summary judgment and dismisses the case in its entirety.

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994). A fact is material if it might affect the outcome of the suit under the governing law. Morrisey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995); Maldonando Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. See

3

Springfield Terminal Ry. v. Canadian Pac. Ltd., 133 F.3d 103, 106 (1st Cir. 1997).

## DISCUSSION

The FMLA allows an eligible employee to take up to 12 weeks of unpaid leave in a 12-month period for the birth, adoption, or assumption of foster care of a child, for the care of a spouse or immediate family member with a serious health condition, and for a serious health condition that prevents the employee from performing the functions of his or her job. 29 U.S.C. § 2621(a)(1). The FMLA prohibits employers form interfering with or denying the exercise of rights protected by the Act. Id. § 2615(a)(1). In addition, the FMLA prohibits employers from discriminating or retaliating against employees who exercise their rights under the Act. Id. § 2615(a)(2).

An employee, like de Hoyos, bears the burden of proving that he was entitled to FMLA leave and that the employer violated the statute by denying him such leave. See Levine v. Children's Museum of Indianapolis, Inc., 2002 WL 1800254 * 4 (S.D.Ind.)(citing Bell v. Jewel Food Store, 83 F. Supp.2d 951, 957 (N.D. Ill. 2000)). In order to state a valid claim under the FMLA, de Hoyos must plead facts showing that: (1) he qualifies as an "eligible employee" under the FMLA, as defined in 29 U.S.C. § 2611(2); (2) Bristol is an employer under the FMLA, as defined in 29 U.S.C. § 2611(4); (3) de Hoyos was entitled to leave under the FMLA, as defined in 29 U.S.C.

4

§ 2612(a)(1); and (4) de Hoyos gave adequate notice to Bristol of his intention to take such leave. See <u>Slaughter v. American Bldg. Maint. Co. of N.Y.</u>, 64 F. Supp.2d 319, 324 (S.D.N.Y. 1999)(citations omitted). Here, it is undisputed that defendant Bristol is a covered employer under the FMLA. De Hoyos's eligibility under the Act, however, is in dispute.

### I. *Class of persons protected by the FMLA*

"The FMLA affords legal protection only to statutorily defined 'eligible employees' in statutorily defined situations. . . . To be an 'eligible employee,' a person must have been employed for at least twelve months by the employer from whom leave is requested, and the employee must have worked for at least 1,250 hours for that employer during the prior twelve month period." See <u>Levine v. Children's Museum of Indianapolis, Inc.</u>, 2002 WL 1800254 * 4 (S.D.Ind.)(citing 29 U.S.C. § 2612(a)(1) and § 2611(2)). See also <u>Navarro v. Pfizer Corporation</u>, 261 F.3d 90, 94 (1st Cir. 2001).

It is uncontested that de Hoyos began to work at Bristol on September 29, 1997, as Validations Manager. (Docket No. 55, at 49) Back then, Bristol had in effect a written policy detailing employees's eligibility criteria under the FMLA.[2] De Hoyos admits

---

[2] Bristol's written policy mirrors the eligibility requirements imposed by the FMLA and its regulations. Under Bristol's policy, in order for an employee to be eligible for FMLA benefits, the employee must have: (1) worked for Bristol at least twelve (12) months; and, (2) worked at least 1,000 hours during the twelve-month period preceding the date when leave is to begin. (Docket No. 38, Exhibit B, at 1; Docket No. 55, at 51).

that he knew Bristol's policies were available for review at the Human Resources Department. (Docket No. 38, Exhibit A-2, at 207; Docket No. 55, at 51.)

Bristol argues that de Hoyos is not eligible for FMLA benefits because he began to work at Bristol on September 29, 1997, and thus had not worked for Bristol for the required amount of time and/or hours necessary to qualify for FMLA benefits at the time that he allegedly wanted to take the FMLA leave in December of 1997.

De Hoyos, on the other hand, asserts that he is eligible for FMLA coverage. He argues that his employment at Bristol in Mayagüez constituted a transfer from ConvaTec in New Jersey, and that his original date of employment, January, 15, 1993, should be the one utilized to compute his FMLA eligibility. In his opposition to Bristol's motion for summary judgment, de Hoyos suggests that Bristol and ConvaTec are integrated and/or joint employers: he relies on the undisputed fact that the retirement plan of both companies is transferable[3] in support of this contention.

De Hoyos's argument is misguided. First, it should be noted that early in this litigation the Court granted an unopposed motion to dismiss, and decided that de Hoyos's sole employer was Bristol, the only defendant left in this case. (Docket No. 22.) De Hoyos now attempts to circumvent the Court's previous ruling by arguing that

---

[3]  The companies for which de Hoyos worked, Bristol and ConvaTec, recognized each other's accrued benefits as to both seniority benefits and vacation days. (Docket No. 55, at 50.)

6

Bristol and ConvTec are "integrated employers" for purpose of the FMLA. "Under the 'integrated employer test,' court[s] consider[] the existence of four factors between the parent and its subsidiary: (1) common management; (2) the interrelation between operations; (3) centralized control; and (4) the degree of common ownership and financial control." <u>Glunt v. Ges Exposition Servs., Inc.</u>, 123 F. Supp.2d 847, 874 (D. Md. 2000)(citations omitted). Assuming *arguendo* that the "integrated employer" test is applicable to this situation, de Hoyos has nevertheless failed to set forth facts to support his position.

The facts of this case are straightforward: de Hoyos worked for Bristol for less than 12 months and less than 1,000 hours. In addition, there is no evidence in the record to support a finding that de Hoyos's time of service with his previous employer should be aggregated with his time at Bristol to meet the FMLA's eligibility criteria. De Hoyos is thus ineligible under the plain meaning of the FMLA. (<u>See, e.g.</u>, <u>Santrizos v. Aramark Corp.</u>, 1998 WL 704114 *6, n. 8 (N.D.Ill.)). Accordingly, the Court hereby grants Bristol's motion for summary judgment. (Docket No. 38.)

<u>II. Adequate Notice to take FMLA leave</u>

Alternatively, and because the parties have devoted so much effort to this issue, the Court briefly addresses the question of adequate notice under the FMLA. Under the statute an employee, such

7

as de Hoyos, is responsible for alerting the employer of his need for FMLA leave. <u>See</u> 29 C.F.R. § 825.301(c). "It is the employer's responsibility, [in this case Bristol's,] to then decide whether the requested leave qualifies under the FMLA based on the information provided" by the employee. <u>See</u> <u>Cavin v. Honda of Am. Mfg., Inc.</u>, 2002 WL 484521, *7 (S.D.Ohio)(citing 29 C.F.R. § 825.208(a)(2)).

"Whether an employee has given adequate notice is generally an issue of fact for the jury to decide." <u>Id.</u> 2002 WL 484521, at *10 (citing <u>Zawadowicz v. CVS Corp.</u>, 99 F. Supp.2d 518, 529 (D.N.J. 2000); <u>Mora v. Chem-Tronics, Inc.</u>, 16 F. Supp.2d 1192, 1209 (S.D.Cal. 1998)). Many courts have found, however, that summary judgment is appropriate on the issue of whether or not an employee's notice is adequate. <u>See</u> <u>Satterfield v. Wal-Mart Stores, Inc.</u>, 135 F.3d 973, 977 (5th Cir.), <u>cert. denied</u> 525 U.S. 826 (1998); <u>Carter v. Ford Motor Co.</u>, 121 F.3d 1146, 1148-49 (8th Cir. 1997); <u>Gay v. Gilman Paper Co.</u>, 125 F.3d 1432, 1436 (11th Cir. 1997).

Both parties have devoted most of the better part of their summary judgment briefs to the issue of whether de Hoyos gave Bristol adequate notice of his intention to take a FMLA qualifying leave. For example, it appears that in late November 1997, de Hoyos took several days off to excort his mother to various physicians. It is undisputed that de Hoyos neither requested FMLA leave for this purpose, nor did he inform Bristol's Human Resources Department that he was attending to his mother's health. (Docket No. 55, at 53.)

8

Rather, de Hoyos charged this time to a "floating" day. (Docket No. 38, Exhibit A-2, at 223, 248; Exhibit E). Subsequently, during de Hoyos's third relocation trip[4] to New Jersey, his mother's health condition deteriorated, and he decided to stay in New Jersey for more time that he had originally intended. (Docket 38, Ex. A-2, at 229). To this end, de Hoyos telephoned Cruz, his supervisor, and explained that he would need to stay in New Jersey additional days. (Docket No. 55 at 54.) De Hoyos asked Cruz to confirm if he had accrued vacation leave available, and informed Cruz that he would continue to charge the additional days to his accrued paid vacation leave only. It is undisputed that de Hoyos did not request leave under the FMLA either in writing or orally. (Id. at 54.) De Hoyos's days off during December 1997 and January 1998 were charged to his accrued vacation only, as marked by de Hoyos in the leave of absence forms he submitted to the Bristol Human Resources Department upon his return to work on January 1998. These forms, filled by de Hoyos in his own handwriting, contain a separately identified checkbox so that an employee can request the FMLA leave benefit. De Hoyos did not mark the FMLA benefit box, however. (Id. at 55.) "Where the plaintiff has an option of claiming paid sick leave or FMLA leave, the employee must make an election to be covered by the Act. . . . The Act should not be interpreted to give every

---

    [4] De Hoyos took several relocation trips to New Jersey, which were allowed by the Company, in order to sell his home and take care of matters relative to the move to Puerto Rico.

9

terminated employee the right to retroactively claim that his or her sick leave should be considered FMLA leave, thereby supporting a claim pursuant to the Act's non-discrimination provisions." Walthall v. Fulton County Sch. Dist., 18 F. Supp.2d 1378, 1384. (N.D. Ga. 1998).

In de Hoyos's answer to Bristol's interrogatories, de Hoyos states that "[s]ince I had accrued vacation days . . . I requested to use this time and then use family leave if necessary." (Docket No. 38, Exhibit F, ¶ 11; Exhibit A-2, at 232). De Hoyos now argues that this comment constitutes an intention on his part to be covered by the FMLA. It is clear that De Hoyos's FMLA claim is an afterthought. There is no evidence in this record that either Bristol or de Hoyos thought that he was exercising his FMLA rights when he took his accrued vacation leave to take care of his mother. "Having elected to take paid sick leave, [de Hoyos] may not now claim that [he] was taking FMLA leave in order to state a claim for damages against [Bristol]." Walthall, 18 F. Supp.2d at 1383.

## CONCLUSION

In view of the aforementioned, this Court concludes that de Hoyos is ineligible under the plain meaning of the FMLA. Accordingly, the Court **GRANTS** Bristol's motion for summary judgment (Docket No. 38) and **DENIES** de Hoyos's cross motion. (Docket No. 41.) Judgment will enter accordingly.

IT IS SO ORDERED.

10

In San Juan, Puerto Rico, this 19th day of August 2002.

_____
JAY A. GARCIA-GREGORY
U.S. District Judge